CASE 13—INDICTMENT—SEPTEMBER 21.

# Commonwealth vs. Holland.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. In a county occupied and controlled by a Confederate army, under the command of General Buckner, the forcible caption of a non-combatant citizen's horses, in conformity with military authority and under a military order, was not a criminal offense, cognizable by the civil power of the State.

2. The act being belligerent in the legal import of the term, was not robbery in the technical sense.

J. M. HARLAN, Attorney General, for Commonwealth.

B. H. BRISTOW, for appellee, cited 1 *Rev. Stat.*, 381 ; *Whart. Am. Cr. Law*, 2 vol., secs. 1604, 1695, 2770, 2774 ; *Bishop Crim. Law*, 2 vol., sec. 966; 1 *Hale P. C.*, 532 ; 1 *Hawk. P. C.*, 212 ; 2 *East. P. C.*, 706 ; 4 *Bl. Com.*, 242 ; 4 *Ohio*, 530 ; *L. Wheat. Inter. L.*, 13, 516 ; *Halleck's Inter. L.*, 792 ; *Hume Cr. L.*, 50 ; *Allison Cr. L.*, 627.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

The court is urged, in this case, involving one principle of belligerent authority in civil war, to adapt its opinion, as far as possible, to the multiform cases developed by our own existing war, which has been so often prostituted unlawfully to purposes of spoliation and murder by bands of guerrillas and robbers, without legal military authority, and even by the sanction of organized armies. This we cannot do without going beyond the case before us. To say more than the case requires would be ultra-judicial and unauthoritative. Whenever another case of a different class shall come before us for adjudication, we will decide it judicially, and will not now entangle ourselves or embarrass the country by inconclusive utterances of anticipation.

The only judicial question presented by this appeal from a judgment of the circuit court, discharging the accused on a verdict of acquittal on an indictment for robbery, is, whether, in a county of Kentucky occupied and controlled by a Confederate army, under the command of General Buckner, the

forcible caption of a non-combatant citizen's horses, in conformity with military authority, and in execution of a military order, was a criminal offense cognizable by the civil power of this State.

And, on this question, our opinion is that the act, being belligerent in the legal import of that comprehensive term, it was not robbery in the technical sense. Argument to prove this would be superfluous.

Wherefore, the judgment is affirmed.